**HOLLOWAY v. J. H. MITCHELL COTTON CO. et al.**

**No. 9153.**

Court of Civil Appeals of Texas. San Antonio.

Dec. 20, 1933.

Rehearing Denied Jan. 17, 1934.

Sidney P. Chandler, of Corpus Christi, for appellant.

Perkins & Floyd, of Alice, for appellees.

SMITH, Justice.

The appeal is from an order sustaining a plea of privilege in behalf of J. H. Mitchell and G. A. Parr, residents of Jim Wells county and doing business therein under the partnership name of J. H. Mitchell Cotton Company.

The action was brought against appellees by appellant, A. L. Holloway, to recover upon an alleged breach of a contract of appellees to purchase thirty-two bales of cotton from him; appellant asserting that the contract was in writing and performable by appellees in Nueces county, whereby venue was laid in that county by virtue of the fifth exception to the general venue statute (article 1995, subd. 5, R. S. 1925), as follows: "If a person has contracted in writing to perform an obligation in a particular county, suit may be brought either in such county or where the defendant has his domicile."

The trial court made the following findings of fact and conclusions of law:

"1. I find as a matter of fact that shortly prior to April 7th, 1932, defendant, J. H. Mitchell Cotton Company, a co-partnership composed of J. H. Mitchell and G. A. Parr, bought from plaintiff, A. L. Holloway, on call on or before September 20th, at Alice, in Jim Wells County, Texas, 32 bales of cotton, then

located at a gin in Palito Blanco, in Jim Wells County, same to be delivered by plaintiff to defendant's account at the Port Compress in Corpus Christi, Nueces County, Texas, which purchase was evidenced by a memorandum in writing, dated April 7th, 1932, containing a list of the cotton by compress tag number and compress weight number.

"2. I find that said cotton was delivered by plaintiff to defendant at the Port Compress in Nueces County, Texas, where the tag numbers and weights of the respective bales of cotton were obtained. That subsequent thereto said written memorandum was prepared in Alice, Jim Wells County, Texas.

"3. I find that said cotton was in Corpus Christi, Nueces County, Texas, when it was classed by defendants.

"4. I find that in May, 1932, the market price for said cotton declined to a point where the margin put up by plaintiff was insufficient, whereupon defendants. after an unsuccessful effort to locate plaintiff, closed said cotton at the prevailing market price.

"5. I find that at the time said cotton was closed out on the market its location was unknown.

"6. I find that plaintiff is a resident of Brooks County, Texas, and that defendants are each residents of Jim Wells County, Texas; and that at the time of the transaction and of the filing of this suit, plaintiff's residence was in Brooks County, Texas, and defendants were each residents of Jim Wells County, Texas.

"I conclude as a matter of law that no exception to the general venue statute is shown by the evidence; and that defendants are entitled to a change of venue to the County of their residence."

█ It will be observed that the court made no finding upon the issue of whether the written agreement between the parties contained a stipulation that the contract was performable in Nueces county, as alleged by appellant. It appears from the record, however, that appellant timely requested the court to specifically find upon that issue, as provided in article 2247a, Vernon's Ann. Civ. St. (Acts 1931, 42d Leg. p. 118, c. 76, § 2), but the court refused the request, and appellant has assigned error on that ruling.

The requested issue was vital to the case, and we conclude the trial court's refusal to find thereon presents reversible error. Seymour Opera-House Co. v. Wooldridge (Tex. Civ. App.) 31 S. W. 234; Parker v. Thomas (Tex. Civ. App.) 72 S. W. 229.

█ If the language of the contract was such as to provide, expressly or by necessary implication, that the obligations of appellees thereunder were performable in Nueces county, then venue was thereby laid in that county, and this suit was properly brought therein. The contract was not set out in the findings, and is not otherwise ascertainable from the record; wherefore this court cannot pass upon its effect in the absence of a finding by the trial court upon that decisive point.

█ There is no statement of facts with the record. In such case this court can look no further than the trial court's expressed findings, and, if those findings do not support the judgment, such judgment cannot stand, in the face of a rejected request for a finding upon a material issue.

The judgment is therefore reversed, and the cause remanded for a new trial of the issue of venue.

This opinion will be substituted for the original opinion, which is withdrawn.