**LAWRENCE v. PENNSYLVANIA CASUALTY CO. et al.**

No. 11288.

Court of Civil Appeals of Texas. San Antonio.

Nov. 10, 1943.

Rehearing Denied Dec. 8, 1943.

Sidney P. Chandler, of Corpus Christi, and Birkhead, Beckmann, Stanard & Vance, and W. Glendon Roberts, all of San Antonio, for appellant.

Kemp, Lewright, Dyer, Wilson & Sorrell, of Corpus Christi, for appellees.

SMITH, Chief Justice.

In June, 1939, Rosella White Smith was killed as a result of a collision, in the State of Missouri, between two trucks owned and operated, respectively, by two Missouri corporations. The decedent was survived by her husband, Jake Smith, a resident of Oklahoma, and by her father, a brother and two sisters, including Estella Lawrence a resident of Corpus Christi, Texas.

The sister, Estella Lawrence, acting for herself and her father, brother and sister, presented a claim against the owners of the trucks for the alleged wrongful death of her sister. The truck owners referred the claim to their respective attorneys who took it up with their insurance carriers, who in turn referred it to their respective attorneys in Missouri, with power to negotiate a settlement. Estella Lawrence had employed Sidney P. Chandler, Esq., of Corpus Christi, to prosecute the claim and Mr. Chandler in turn engaged co-counsel in Missouri, who handled it to a conclusion. So, all the negotiations involved were transacted through the respective Missouri attorneys, admittedly thereunto duly authorized. Apparently the surviving husband, Jake Smith, never got into the picture, and no one ever purported to act for him, except that when Estella Lawrence afterwards instituted administration proceedings, in Nueces County, upon the estate of the decedent, she alleged in her application for administration that the husband, along with the father, brother and sister, was an heir at law of the decedent. In that proceeding Estella Lawrence was appointed administratrix of said estate, and in that capacity brought this action against the liability insurance carriers for the two truck owners, to enforce an alleged compromise settlement agreement made by them with Estella Lawrence. The trial court denied her any recovery, and as administratrix she has prosecuted this appeal, with the insurance carriers as appellees.

■ The cause was tried to the court without a jury. The trial judge filed full findings of fact. As no statement of facts was brought up, those findings must be given full effect, although no other facts than those expressly included in those findings may be implied in aid of the judgment. Holloway v. J. H. Mitchell Cotton Co., Tex.Civ.App., 67 S.W.2d 398.

In effect the trial judge found that in presenting her claim appellant's attorneys represented to appellees' attorneys that they were acting for all the heirs at law of the decedent, whereas, they did not in fact represent the decedent's husband, but only her father, brother and sisters; that in reliance upon that representation and upon the resulting assumption that a settlement with appellant's attorneys would discharge all liability for the death of the decedent, appellees entered into an agreement with appellant's counsel to pay $1,500 to the administrator of decedent's estate at Corpus Christi upon the appointment and qualification there of such administrator and the latter's execution of a full release of appellees from all liability in the transaction. In pursuance of this agreement appellant instituted administration proceedings in the proper court in Nueces County, was duly appointed and qualified as administratrix of the decedent's estate, and thereupon called on appellees to pay the agreed amount. But having discovered that appellant's attorneys did not at any time have any authority to represent or bind the husband of the decedent (on which assumption, based upon appellant's representation, appellees had agreed to make the settlement), they refused to go forward with the agreement or consummate it by paying the stipulated amount. Upon those findings of fact the trial judge concluded, as a matter of law, that "there was no definite meeting of minds of the parties hereto and that the alleged agreement sought to be enforced in this suit was void for want of mutuality and that judgment should be accordingly rendered for defendants."

■ The parties discuss and invoke purported provisions of the statutes of the State of Missouri which create rights of action for damages for wrongful death, and designate the beneficiaries thereof. But neither party elicited findings from the trial judge establishing what those provisions are, and under existing rules this Court may not take judicial notice of them, and cannot consider them in determining this appeal.

■ Nor may we presume, as in ordinary cases, that in the absence of proof of the provisions of applicable statutes of Missouri, those provisions are the same as those in this State upon the same subject. For, in the first place, as no right of ac-

tion for wrongful death exists at common law such right can be given only by statute. It is purely and only a statutory right, and must be measured and given effect solely by virtue of and in accordance with the terms of the statute creating it, even though suit may be brought thereon in a state other than that in which the asserted cause of action arose. That is the rule in this State, according to our statute as well as the decisions of our courts. Art. 4678, R. S. 1925; 33 Tex.Jur. p. 11, § 3; Jones v. Louisiana Western Ry., Tex.Com.App., 243 S.W. 976; Nealy v. Magnolia Petroleum Co., Tex.Civ.App., 121 S.W.2d 425.

▇ In this case appellant asserts that under the Missouri Statutes the right of action for the wrongful death of Mrs. Smith was vested in the administratrix of her estate, whereas, appellees contend that such right was vested solely in the decedent's surviving husband, under said statutes. But, as the trial court failed to find what provision is made in the Missouri Statutes upon the subject, and this Court cannot take judicial notice of such provisions or presume they are the same as appropriate provisions in our own statutes, nothing is before this Court upon which to resolve the controversy as to who, if any one, is vested with a right of action for the wrongful death in Missouri.

▇ After all, however, this action is not one to recover upon an original cause of action for damages for the wrongful death of Rosella White Smith. It is, rather, merely a suit to enforce specific performance of appellees' agreement to pay appellant $1500 in settlement, by way of compromise, of her claim for damages occasioned by the wrongful death of her sister, Rosella White Smith. That agreement was arrived at and settled upon in the State of Missouri, and ordinarily its validity and effect would be determinable by the applicable laws of that State. The agreement, however, being one cognizable under the common law and not purely statutory in character, such as in the case of a cause of action for damages as for wrongful death, should be determined by the law of the forum which is presumed, in the absence of proof to the contrary, to be the same as that of the state in which the wrong was committed. Moreover, the contract of settlement, although made in Missouri, was performable in this State, by reason of the stipulation that the amount agreed upon should be paid at Corpus Christi, Texas. And, more specifically, it was stipulated, at the instance of appellees, that appellant procure the appointment of an administrator of decedent's estate in the proper court in Corpus Christi, and that upon that court's approval of the settlement, the $1500 be paid to such administrator, and that in that event the latter should execute a full release to appellees' insureds, the two truck owners.

Looking at the entire transaction, as disclosed by the findings of fact, it is obvious that the agreement of settlement contemplated, and appellees were induced to make the agreement by appellant's representation of the fact, that all the heirs at law of the decedent were included in and would be bound by the agreement, and that upon payment of the stipulated amount appellees and the insured truck owners would be fully released from all liability arising from the wrongful death of Rosella White Smith. It developed, however, that appellant did not represent Jake Smith, surviving undivorced husband of the decedent, who therefore could not be bound by the agreement, and appellees would be liable to him for whatever right of action, if any, he may have had against the truck owners on account of the wrongful death of his wife. If he had any right of action the fact was concealed from appellees by a misrepresentation of fact by appellant, and appellees were thereby warranted in repudiating the agreement when they discovered that the husband survived his wife and, if true, that he had a right of action against those responsible for her wrongful death. If the husband had a right of action then the representation of appellant's attorneys that they were acting for all the heirs at law of the decedent was not only false but was material, and upon discovery of the true facts appellees were justified in repudiating their agreement to pay appellant $1500 in settlement of all their liability for the death of the decedent. It is deemed proper to add here that there is no contention that the false representations were fraudulently made by appellant's counsel.

▇ The burden rested upon appellees in the trial court to show not only the alleged falsity of the representation, but its materiality as well. Its materiality depended upon whether or not the surviving husband of decedent had a right of action under the statutes of the State of Missouri upon the subject. If he had such right it was solely because it was given him in those

statutes. Those statutes were not put in evidence, we are not yet permitted to take judicial notice of their provisions, nor can we presume they are the same as the provisions of the statutes of this State upon the subject, for reasons already given in this opinion. The burden was upon appellees to make that proof in the court below, and failing to meet the burden they were not entitled to judgment.

■ For that reason the judgment must be reversed, but since it is apparent from the record at large that the case was not fully developed, by either side for that matter, the cause will be remanded for all purposes.

Reversed and remanded.