Justice Devine delivered the opinion of the Court.
Chapter 71 of the Texas Civil Practice and Remedies Code codifies a version of the forum non conveniens doctrine, which applies under its terms to the survival and wrongful-death claims created by the chapter. TEX. CIV. PRAC. & REM. CODE § 71.051. This codified version includes a Texas-residency exception that excludes certain claims from the doctrine either because they are prosecuted by a Texas-resident plaintiff or derivative of a Texas decedent. Id. § 71.051(e). In this original proceeding, Relator maintains that the Texas-residency exception does not apply to the plaintiffs' underlying claims and complains that the trial court abused its discretion in failing to grant its motion to dismiss the underlying Texas litigation on statutory forum non conveniens grounds. We conclude that the Texas-residency exception does apply to some of the underlying claims and that the trial court did not abuse its discretion when ruling on relator's motion. The petition for writ of mandamus is therefore denied.
I
Venice Alan Cooper was killed while working on his Mahindra tractor at his home in Webster County, Mississippi. The accident was allegedly the result of a hydraulic line rupture that caused the tractor's front-end loader to fall, crushing the decedent. Faith Cooper, the decedent's fourteen-year-old granddaughter, was visiting at the time and allegedly witnessed the accident.
Probate was opened in the Chancery Court of Webster County, Mississippi by Jason Cooper, the decedent's eldest son. Jason also filed a negligence and products liability action against Mahindra USA, Inc., the tractor's vendor, and KMW, Ltd., the manufacturer of the front-end loader attached to Mahindra's tractor. Although the tractor had been sold to the decedent in Mississippi, Jason filed the suit in Texas where he resides. Jason sued the defendants in several capacities: individually, as administrator of his father's estate, and as next friend of his daughter, Faith. Jason's brother, Christopher Cooper, who is also a Texas resident, joined the suit individually as plaintiff.
Mahindra filed a motion to dismiss based on forum non conveniens in response to the Coopers' suit. Mahindra contended *544 that Mississippi was a more appropriate and convenient forum because of the estate's administration there and other obvious connections to the accident: the decedent resided, purchased the tractor, and died in Mississippi. KMW, a Kansas corporation and Mahindra's co-defendant, filed a special appearance, contending that it lacked any connection to the state of Texas.
After hearing Mahindra's motion to dismiss, the trial court denied it. Mahindra sought mandamus relief in the court of appeals. The court denied Mahindra's petition in an unpublished and non-substantive opinion that merely recited relief was denied. In re Mahindra, USA Inc. , 2016 WL 7368048 (Tex. App.-Houston [1st Dist.] 2016, orig. proceeding) (mem. op.). Mahindra next petitioned this Court, and, after receiving briefs on the merits, we set the matter for argument.
II
The equitable doctrine of forum non conveniens provides a trial court with the discretionary authority to decline jurisdiction when another more convenient and suitable forum exists and the convenience of the parties and justice so require. Exxon Corp. v. Choo , 881 S.W.2d 301, 302 n. 2 (Tex. 1994). In Texas, forum non conveniens exists as both a common-law doctrine and a statutory provision. See Quixtar Inc. v. Signature Mgmt. Team, LLC , 315 S.W.3d 28, 29-30 (Tex. 2010) (per curiam) (applying the common law doctrine to a commercial dispute); see also TEX. CIV. PRAC. & REM. CODE § 71.051 (codifying forum non conveniens as part of the survival and wrongful death act). Under either version, a court typically considers and balances both public and private factors that support the competing forums. See, e.g., id. § 71.051(b) (listing six factors that the court must consider). The common-law and codified versions of the doctrine thus overlap to a great extent. See, e.g., In re Pirelli Tire, LLC , 247 S.W.3d 670, 677 (Tex. 2007) (purality op.) (noting this overlap). But differences exist.
For example, while the common law affords "great deference to the plaintiff's forum choice," particularly when that choice coincides with the plaintiff's residence, it "also recognizes that the plaintiff's choice must sometimes yield in the public interest, and in the interest of fundamental fairness." Id. at 675. Thus, under the common law, public and private factors may dictate dismissal in favor of another forum even when the plaintiff is a Texas resident. This is not true under the statutory version, which includes an exception for Texas-resident plaintiffs. When the plaintiff is a Texas resident or derivative claimant of a Texas resident, the public and private factors that ordinarily animate the doctrine do not apply. See TEX. CIV. PRAC. & REM. CODE § 71.051(e). We have remarked on the power of this exception "to anchor a case in a Texas forum even if forum non conveniens would otherwise favor dismissal." In re Ford , 442 S.W.3d 265, 268 (Tex. 2014).
Because the underlying action involves personal injury and wrongful death claims, statutory forum non conveniens applies. TEX. CIV. PRAC. & REM. CODE § 71.051(i). And although plaintiffs Jason and Christopher Cooper are Texas residents, Mahindra contends that the Texas-residency exception does not apply for two reasons. First, it does not apply because only a "plaintiff" may invoke the exception and Jason and Christopher are not plaintiffs under an applicable definition of that term. See id. § 71.051(h)(2) (defining the term "plaintiff" for purposes of the exception). Second, the exception does not apply because Jason and Christopher are "derivative claimants" of their father and, as *545 such, may not invoke the exception because their father was not a Texas resident. See id. § 71.051(h)(1) (defining the term "derivative claimant" for purposes of the exception). Finally, Mahindra argues that the forum non conveniens factors favor Mississippi as the appropriate forum and that the trial court accordingly abused its discretion in failing to dismiss the underlying Texas litigation.
The Coopers argue that they are "plaintiffs" and that the Texas-residency exception unequivocally applies to their individual claims. Although they concede that their father was not a Texas resident at the time of his death and that Jason, as representative of the Mississippi estate, may not assert the exception on the estate's behalf, the Coopers nevertheless argue that the trial court did not abuse its discretion in holding the estate's claims in Texas because the court was required to deny Mahindra's motion to dismiss as to all the other claims. Finally, the Coopers dispute that the forum non conveniens factors favor Mississippi as a more appropriate and convenient forum for their claims.
As a general rule, the forum non conveniens decision is committed to the trial court's sound discretion and may be set aside only for a clear abuse of discretion. Quixtar , 315 S.W.3d at 31 (citing Piper Aircraft Co. v. Reyno , 454 U.S. 235, 257, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). When deciding whether to dismiss or retain the case, the trial court typically weighs various public and private factors. See id. at 34-35 (listing the U.S. Supreme Court's Gulf Oil factors); TEX. CIV. PRAC. & REM. CODE § 71.051(b) (listing the six statutory factors that must be weighed and considered). When a trial court grants a motion to dismiss on statutory forum non conveniens grounds, it must file findings of fact and conclusions of law, and its decision to dismiss may be reviewed by appeal. See id. § 71.051(f) (requiring the court to file findings and conclusions). When a court denies a motion to dismiss, however, the movant cannot obtain a final judgment, and no immediate appeal is available. In these circumstances, we have held the writ of mandamus to be an appropriate remedy to correct the court's abuse of discretion. In re Gen. Elec. Co. , 271 S.W.3d 681, 694 (Tex. 2008) ; Pirelli , 247 S.W.3d at 679.
Although we typically discuss the various private and public factors and the trial court's sound discretion when weighing them, the threshold issues here have nothing to do with those factors or that discretion. The meaning of the Texas-residency exception and other definitions and provisions in dispute are questions of law over which the trial court exercised no discretion. Our review of statutory interpretation questions is de novo. Cadena Comercial USA Corp. v. Tex. Alcoholic Beverage Comm'n , 518 S.W.3d 318, 325 (Tex. 2017).
III
The Texas-residency exception is set out in section 71.051(e)'s first sentence:
The court may not stay or dismiss a plaintiff's claim under Subsection (b) [listing six public and private interest factors] if the plaintiff is a legal resident of this state or a derivative claimant of a legal resident of this state.
TEX. CIV. PRAC. & REM. CODE § 71.051(e). Thus, the statutory exception may be invoked for one of two reasons: either because (1) the plaintiff is a Texas resident or (2) the plaintiff is a derivative claimant of a Texas resident. Id. The statute further defines the terms "derivative claimant" and "plaintiff" for purposes of determining the Texas-residency exception:
(1) "Derivative claimant" means a person whose damages were caused by *546 personal injury to or the wrongful death of another.
(2) "Plaintiff" means a party seeking recovery of damages for personal injury or wrongful death. The term does not include:
(A) * * * or
(B) a representative, administrator, guardian, or next friend who is not otherwise a derivative claimant of a legal resident of this state.
Id. § 71.051(h)(1), (2)(B).
Mahindra contends that these definitions exclude Jason and Christopher from the exception because the they are "derivative claimants," but not "plaintiffs." Jason and Christopher are "derivative claimants" because their damages are derived from their father's death. See id. § 71.051(h)(1). As such, Mahindra maintains the Coopers cannot invoke the Texas-residency exception because their father did not reside in Texas at the time of his death. The Coopers, however, do not rely on their status as derivative claimants to invoke the exception but rather on their status as Texas residents themselves. Whether that is enough rests on the statute's definition of "plaintiff" because only a Texas-resident plaintiff may invoke the exception when, as here, the decedent was not a Texas resident.
The statute defines "plaintiff" as "a party seeking recovery of damages for personal injury or wrongful death." Id. § 71.051(h)(2). Standing alone, this would include Jason and Christopher's individual claims. But the definition excludes from the term certain nominal plaintiffs, such as "a representative, administrator, guardian, or next friend." Id. § 71.051(b)(2)(B). The exclusion does not apply to all of the named nominal plaintiffs-only those who are "not otherwise a derivative claimant of a legal resident of this state." Id. Because Jason sued Mahindra as the estate's representative and as his daughter's next friend, Mahindra submits that Jason is not a "plaintiff" under the statute as to these representative claims.
We agree that Jason is not a "plaintiff" for purposes of the estate's claims. The estate he represents is that of a non-resident decedent; therefore, Jason as administrator "is not otherwise a derivative claimant of a legal resident of this state." Id. As the administrator and representative of the Mississippi estate, Jason is not the kind of plaintiff that may use his own resident status to anchor the estate's claims to Texas. Nor can he use his resident status to anchor his next-friend claims on behalf of his daughter, but then he may not need to because his daughter is a Texas resident.
The part of the statutory definition that now expressly excludes certain nominal plaintiffs from the term "plaintiff" was added to the forum non conveniens statute in 2015. Act of May 22, 2015, 84th Leg., R.S., ch. 537, § 1, 2015 Tex. Gen. Laws 1918, 1919. While the Legislature was considering that amendment, we determined that a next friend's legal residency in Texas would not anchor a non-resident minor's wrongful-death claims to Texas. In re Bridgestone Americas Tire Operations , 459 S.W.3d 565, 573 (Tex. 2015) (holding that next friends legal residency does not trigger Texas-residency exception). There, we found it "well settled" that the real party plaintiff in a next-friend suit "is the child and not the next friend." Id. (quoting Gracia v. RC Cola-7-Up Bottling Co. , 667 S.W.2d 517, 519 (Tex. 1984) ). Thus, we concluded that a next friend did not fall within the statute's previous definition of plaintiff.
The analysis of the daughter's claim is further complicated by the fact that she is the decedent's granddaughter and therefore *547 not a wrongful-death beneficiary. See TEX. CIV. PRAC. & REM. CODE § 71.004(a) (listing beneficiaries as the "surviving spouse, children, and parents of the deceased"). She asserts a common-law bystander claim rather than a chapter 71 wrongful-death claim. Although statutory forum non conveniens expressly "applies to actions for personal injury or wrongful death," id. § 71.051(i), we have not directly addressed whether "personal injury" in this context is limited to chapter 71 claims or applies generally to all personal injury claims, both common law and statutory.
Regardless of these representative claims, Jason and Christopher maintain that their individual claims for the wrongful death of their father are anchored to Texas because these claims are personal, not representative. Huntington v. Walker's Austex Chili Co. , 285 S.W.2d 255, 258 (Tex. Civ. App.-Waco 1955, writ ref'd). Jason and Christopher submit that as wrongful death beneficiaries they seek the damages each individually sustained as the result of their father's death, including pecuniary losses, loss of society and companionship, mental anguish, and loss of inheritance. See Moore v. Lillebo , 722 S.W.2d 683, 687 (Tex. 1986) (identifying possible damages in a wrongful death action).
Mahindra responds that the trial court erred in failing to conduct a choice-of-law analysis and abused its discretion in failing to determine that Mississippi law should apply. According to Mahindra, had the court done that analysis, it would have discovered that under Mississippi law a wrongful-death claim is brought in a representative capacity on behalf of "all parties interested in the suit." See MISS. CODE ANN. § 11-7-13 (Rev. 2018). Because one beneficiary or representative can bring suit for all in Mississippi, Mahindra concludes that we must similarly classify Jason and Christopher's suit here as representative under Texas's forum non conveniens statute. We doubt that the argument is valid even under Mississippi's procedural rules.
In Long v. McKinney , the Mississippi Supreme Court discussed the application of Mississippi's law in wrongful-death actions, stating that "[n]o area of the law has historically provided more muddled, misquoted and misunderstood procedural rules, than civil claims for wrongful death." 897 So.2d 160, 162-63 (Miss. 2004) (en banc). In Long , the parties fought over who would control the wrongful-death litigation. Id. at 162. Although the decedent's sole-heir and representative was first to file the death action, the supreme court held that other wrongful death beneficiaries could participate to protect their own interests. Id. at 178.
In this respect, Texas procedural law is no different, providing that "one or more of the [wrongful-death beneficiaries] may bring the action for the benefit of all." TEX. CIV. PRAC. & REM. CODE § 71.004(b). But more to the point, forum non conveniens is essentially "a supervening venue provision ... that goes to process rather than substantive rights-determining which among various competent courts will decide the case." Am. Dredging Co. v. Miller , 510 U.S. 443, 453, 114 S.Ct. 981, 127 L.Ed.2d 285 (1994). Choice-of-law principles may dictate that the substantive law of another jurisdiction should apply, but it does not govern matters of procedure in the forum state. Longview Energy Co. v. Huff Energy Fund LP , 533 S.W.3d 866, 872 (Tex. 2017) ; see also TEX. CIV. PRAC. & REM. CODE § 71.031(b) - (c) (incorporating the same principles into chapter 71). We accordingly conclude that the trial court did not need to consult Mississippi law to determine that Jason and Christopher were Texas residents entitled to the statutory exception to forum non conveniens.
*548 We further conclude that Jason and Christopher are not nominal or representative plaintiffs with respect to their own individual damages. While the survival statute permits a representative to seek the recovery of damages sustained by the decedent, Landers v. B.F. Goodrich Co. , 369 S.W.2d 33, 35 (Tex. 1963), the wrongful death act permits the beneficiaries "to institute suit and recover such damages as they have suffered by reason of [the decedent's] death," Norman v. Valley Gin Co. , 99 S.W.2d 1065, 1067 (Tex. Civ. App.-Beaumont 1936, writ ref'd).
Mahindra argues that, even if Texas law controls the statute's interpretation, the decedent's sons and granddaughter are nevertheless "derivative claimants" who may not invoke the statutory exception. See TEX. CIV. PRAC. & REM. CODE § 71.051(e) (providing that the exception may be invoked by a derivative claimant of a Texas decedent). The Coopers respond that as plaintiffs and legal residents of Texas they are entitled to invoke the exception. See id. § 71.051(e) (providing that the court may not stay or dismiss "if the plaintiff is a legal resident of this state"). We agree. Contrary to Mahindra's argument, the exception has two alternative parts. It applies to Texas residents both living and dead; it is not merely a Texas-decedent exception.
IV
Mahindra finally complains that the trial court abused its discretion in failing to dismiss or stay Jason's representative claims as Administrator and next friend. Mahindra contends that the Texas-residency exception does not apply to these claims and that the trial court abused its discretion in failing to conclude that the forum non conveniens factors required dismissal irrespective of Jason and Christopher's individual claims.
Mahindra points to the remainder of section 71.051(e) as authority for requiring the trial court to conduct a forum non conveniens analysis of Jason's nominal or representative claims and ultimately to dismiss them. After stating the Texas-residency exception in its first sentence, subsection (e)'s remainder provides:
The determination of whether a claim may be stayed or dismissed under Subsection (b) shall be made with respect to each plaintiff without regard to whether the claim of any other plaintiff may be stayed or dismissed under Subsection (b) and without regard to a plaintiff's country of citizenship or national origin. If an action involves both plaintiffs who are legal residents of this state and plaintiffs who are not, the court shall consider the factors provided by Subsection (b) and determine whether to deny the motion or to stay or dismiss the claim of any plaintiff who is not a legal resident of this state.
Id. We cannot agree that this provides a basis for a forum non conveniens analysis under the statute. Subsection (e) only applies to plaintiffs who fit within subsection (h)'s definition, and as we have already determined, "representative Jason" is not such a plaintiff. See id. § 71.051(h)(2)(b) (defining plaintiff for purposes of subsection (e) ). But even though subsection (e) does not require the forum non conveniens analysis Mahindra desires in this case, another part of the statute does.
Subsection (b) provides:
(b) If a court of this state, on written motion of a party, finds that in the interest of justice and for the convenience of the parties a claim or action to which this section applies would be more properly heard in a forum outside this state, the court shall decline to exercise jurisdiction under the doctrine of forum non conveniens and shall stay or dismiss the *549 claim or action. In determining whether to grant a motion to stay or dismiss an action under the doctrine of forum non conveniens, the court shall consider whether:
(1) an alternate forum exists in which the claim or action may be tried;
(2) the alternate forum provides an adequate remedy;
(3) maintenance of the claim or action in the courts of this state would work a substantial injustice to the moving party;
(4) the alternate forum, as a result of the submission of the parties or otherwise, can exercise jurisdiction over all the defendants properly joined to the plaintiff's claim;
(5) the balance of the private interests of the parties and the public interest of the state predominate in favor of the claim or action being brought in an alternate forum, which shall include consideration of the extent to which an injury or death resulted from acts or omissions that occurred in this state; and
(6) the stay or dismissal would not result in unreasonable duplication or proliferation of litigation.
Id. § 71.051(b). "Representative Jason" may not be a plaintiff for purposes of subsection (e), but he remains a party for purposes of subsection (b) and its factors, which we turn to now.
No apparent dispute exists over the first two factors: Mississippi can provide an alternative forum where the claim may be tried and an adequate remedy obtained. See id. § 71.051(b)(1)-(2). The same cannot be said about the other factors. For example, Mahindra argues it unjust and inconvenient to try the case in Texas because the witnesses who responded to the accident and treated the decedent reside in Mississippi beyond the reach of compulsory process in Texas. The Coopers respond that no evidence exists that these witnesses would be unwilling to testify or need to be compelled. In fact, the Coopers provided the trial court with the affidavits of the Coroner, who determined the cause of death, and a deputy sheriff, who was the first to respond to the accident. Both affirmed that they would provide their testimony without the need of a subpoena. Moreover, the Coopers point out that all plaintiffs reside in Texas as do their treating physicians who will also testify at trial. The Coopers further note that Mahindra USA is headquartered in Houston, which they submit is surely more convenient than Webster County, Mississippi, for the Mahindra officials who may be called to testify and for discovery relevant to the plaintiffs' underlying product-liability theory. Mahindra responds that evidence exists in Mississippi that the accident was caused by the decedent disconnecting a hydraulic line rather than the hydraulic line's rupture or other manufacturing defect. Mahindra further submits that all decisions relating to the design and manufacture of the tractor, the front-end loader, the hydraulic line, and the warnings on the fount-end loader were made outside of Texas and that no relevant proof on these subjects exists in Texas.
The statute requires the trial court to file findings of fact and conclusions of law when it grants a forum non conveniens motion, but not when it denies one. Id. § 71.051(f). Because the court denied the motion, we do not know how it resolved this dispute.
Another salient statutory factor is whether "the stay or dismissal would not result in unreasonable duplication or proliferation of litigation." Id. § 71.051(b)(6). Because the Texas-residency exception required the court to retain Jason and Christopher's claims in Texas, dismissal of the *550 estate and next-friend from the case would arguably insure litigation of the underlying liability claims in both forums. Mahindra asserts that this will happen in any event because co-defendant KMW, the company that manufactured and supplied the tractor's loader, cannot be sued in Texas. The trial court has yet to rule on KMW's special appearance, but even if sustained, any duplication or additional litigation will depend on future decisions. The Coopers may be content to sue only Mahindra if KMW indeed cannot be joined in Texas.
Because the forum non conveniens statute does not place the burden of proof on either party, the trial court must resolve these disputes and others based on the "greater weight of the evidence." In re ENSCO Offshore Int'l. Co. , 311 S.W.3d 921, 927 (Tex. 2010) (per curiam) (citing In re Gen. Elec ., 271 S.W.3d at 687 ). Our review of the trial court's decision is for abuse of discretion. Id. at 923. The abuse of discretion standard is "typically applied to procedural and other trial management determinations" and "is especially appropriate when the trial court must weigh competing policy considerations and balance interests." In re Doe, 19 S.W.3d 249, 253 (Tex. 2000). "At its core, discretion means choice." W. Wendall Hall, Standards of Review in Texas , 38 ST. MARY'S L.J. 47, 61 (2006). Because a reviewing court cannot substitute its discretion for that of the trial court, to find an abuse when factual matters are in dispute, the reviewing court must conclude that the facts and circumstances of the case extinguish any choice in the matter. Johnson v. Fourth Court of Appeals , 700 S.W.2d 916, 918 (Tex. 1985).
We found such an abuse under the forum non conveniens statute in ENSCO . There, the trial court stated on the record that it believed all statutory factors weighed in favor of the alternative forum but not so heavily as to require dismissal. ENSCO , 311 S.W.3d at 928. We concluded that the statute required the trial court to grant the forum non conveniens motion where all the factors weighed in favor of the claim being heard in a forum outside Texas and accordingly granted mandamus relief. Id. at 929. Here, however, all the factors do not conclusively favor the alternative forum. Some are in dispute, their resolution unclear. One, the duplication-of-litigation factor, perhaps favors retaining all claims in Texas. On this record, we cannot say that the trial court abused its discretion in denying Mahindra's motion to dismiss on the grounds of forum non conveniens. See ids="7327453" index="52" url="https://cite.case.law/sw3d/311/921/#p927">id. at 929 n.3 ("We do not address whether the statute requires dismissing or staying the suit if the evidence proves only that some, as opposed to all, the Section 71.051(b) factors weigh in favor of the trial court's declining to exercise jurisdiction.").
The petition for writ of mandamus is accordingly denied.