

NUMBER 13-23-00147-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG

IN RE STATE FARM LLOYDS

On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Silva and Peña**
**Memorandum Opinion by Justice Silva**

Relator State Farm Lloyds filed a petition for writ of mandamus asserting that the trial court abused its discretion by compelling appraisal for an insurance claim after the real party in interest, the Estate of Norma Hunt (estate), had instituted litigation. We deny the petition for writ of mandamus.

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am*., 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that (1) the trial

court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion if its "decision is 'so arbitrary and unreasonable as to amount to a clear and prejudicial error of law'" or if it errs "in 'determining what the law is or applying the law to the facts,' even when the law is unsettled." *In re K & L Auto Crushers, LLC*, 627 S.W.3d 239, 247 (Tex. 2021) (orig. proceeding) (cleaned up) (quoting first *Walker*, 827 S.W.2d at 839, then *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135). "Because a reviewing court cannot substitute its discretion for that of the trial court, to find an abuse when factual matters are in dispute, the reviewing court must conclude that the facts and circumstances of the case extinguish any choice in the matter." *In re Mahindra, USA Inc.*, 549 S.W.3d 541, 550 (Tex. 2018) (orig. proceeding). To determine whether an adequate appellate remedy exists, we weigh the benefits of mandamus review against the detriments in a fact-specific examination that does not depend on abstract or formulaic considerations. *In re Acad., Ltd.*, 625 S.W.3d 19, 32 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136.

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by the estate, and the reply, is of the opinion that relator has failed to meet its burden of proof to obtain mandamus relief. Based on the specific facts of this case, we are persuaded neither that the trial court abused its discretion, nor that relator lacks an adequate remedy by appeal. *See In re Mahindra, USA Inc.*, 549 S.W.3d at 550;

*In re Acad., Ltd.*, 625 S.W.3d at 32; *see also Hall v. State Farm Lloyds*, No. CV H-21-1769, 2021 WL 5054647, at *2 (S.D. Tex. Nov. 1, 2021); *Norberto L. v. State Farm Lloyds*, No. 5:19-CV-89, 2019 WL 12372059, at *2 (S.D. Tex. Nov. 15, 2019). Accordingly, we lift the stay previously imposed in this case. *See* TEX. R. APP. P. 52.10(b) ("Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided."). We deny the petition for writ of mandamus.

CLARISSA SILVA
Justice

Delivered and filed on the
7th day of August, 2023.

3