

# NUMBER 13-24-00240-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE SURECHOICE UNDERWRITERS RECIPROCAL EXCHANGE

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Justices Benavides, Tijerina, and Silva**
**Memorandum Opinion by Justice Tijerina[1]**

Relator SureChoice Underwriters Reciprocal Exchange filed a petition for writ of mandamus asserting that the trial court abused its discretion by denying relator's motion to compel appraisal in the underlying lawsuit. We deny relief.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."); *id.* R. 47.4 (explaining the differences between opinions and memorandum opinions).

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that: (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion if its "decision is 'so arbitrary and unreasonable as to amount to a clear and prejudicial error of law'" or if it errs "in 'determining what the law is or applying the law to the facts,' even when the law is unsettled." *In re K & L Auto Crushers, LLC*, 627 S.W.3d 239, 247 (Tex. 2021) (orig. proceeding) (cleaned up) (quoting first *Walker*, 827 S.W.2d at 839, then *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135). "Because a reviewing court cannot substitute its discretion for that of the trial court, to find an abuse when factual matters are in dispute, the reviewing court must conclude that the facts and circumstances of the case extinguish any choice in the matter." *In re Mahindra, USA Inc.*, 549 S.W.3d 541, 550 (Tex. 2018) (orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus and the response filed by real party in interest Serafin Gomez, is of the opinion that relator has not met its burden to obtain relief. In this regard, we note that the trial court denied appraisal on the stated ground that counsel for relator "did not appear at the properly noticed hearing." The record before this Court fails to include, *inter alia*, the reporter's record of that hearing. *See* TEX. R. APP. P. 52.7(a) (1), (2). And, while counsel for relator

argues that the failure to appear was caused by mistake or misrepresentations made by opposing counsel, the record lacks any evidence regarding this issue which would have allowed the trial court to conclude that counsel's absence was not intentional or the result of conscious indifference but was due to accident, mistake, or any other reasonable explanation. Thus, we are unable to conclude that the trial court rendered an arbitrary or unreasonable decision or acted without reference to guiding rules and principles. *In re Mahindra, USA Inc.*, 549 S.W.3d at 550. Stated otherwise, on this record, the relator has not established that the trial court could have reasonably reached only one decision. *See id.* Accordingly, we lift the stay previously imposed in the underlying matter. *See* TEX. R. APP. P. 52.10(b) ("Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided."). We deny the petition for writ of mandamus.

JAIME TIJERINA<br>
Justice

Delivered and filed on the
21st day of August, 2024.