## NEALY et al. v. MAGNOLIA PETROLEUM CO.

### No. 3741.

Court of Civil Appeals of Texas. El Paso. Sept. 29, 1938.

Rehearing Denied Oct. 13, 1938.

Chrestman, Brundige, Fountain, Elliott & Bateman and J. A. Blakeley, all of Dallas, and Cole, Patterson & Cole, of Houston, for appellants.

W. H. Francis, Roy C. Ledbetter, and Walace Hawkins, all of Dallas, for appellee.

HIGGINS, Justice.

This case and the questions presented by the appeal are succinctly and well stated in the preliminary portion of appellants' brief. We quote the same as follows:

"Art. 7144, Chapter 117, of the Statutes of the State of Arkansas is as follows:

"'Every corporation except while engaged in interstate commerce, shall be liable in damages to any person suffering injury while he is employed by such corpora-

tion, or, in case of death of such employee, to his or her personal representative for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next kin of such employee, for such injury or death resulting in whole or in part from negligence (of such corporation or from the negligence) of any of the officers, agents or employees of such corporation.'

"Art. 4678, Title 78, Revised Statutes of Texas provides that where the death of a citizen of a foreign state results under circumstances creating a liability under statutes of such state, such right of action may be enforced in the courts of this state, and that the law of this state 'shall control in the prosecution and maintenance of such action in the courts of this State in all matters relating to the procedure.'

"This appeal tests:

"1. Whether an action under the Arkansas Statute for wrongful death when brought in Texas may be maintained by beneficiaries in accordance with Texas procedure, or must be brought by the personal representative as holder of the legal title to the cause of action.

"2. Whether, conceding that the statutory trustee would ordinarily be the only party who could recover, the tort feasor is judicially estopped to claim that beneficiaries are without power to sue where, as here, the suit is to set aside a judgment beneficiaries were induced to sue for and obtain in Texas for the purpose of compromising beneficiaries' claims against the tort feasor.

"Statement of the Case and Manner in Which Above Questions Arise.

"Ocie Paul Thames, Evelyn Thames and Douglas Ray Thames, minors (by J. B. Robertson as Next Friend), Gertie Mae Thames Neely (joined by her husband), as children of, and Mrs. E. M. Leach, as surviving widow of, O. C. Thames (herein called plaintiffs), as beneficiaries under the Arkansas Statute above noted, brought suit against Magnolia Petroleum Company, a corporation (hereinafter called defendant), to set aside a judgment purporting to compromise plaintiff's cause of action for the death of said Thames, and to recover their damages sustained on account of such death.

"They alleged that on August 15, 1930, O. C. Thames was killed as a result of the negligence of the corporation defendant while he was engaged as an employee of said defendant in hauling gravel over designated courses in the State of Arkansas, under circumstances creating a right of action for wrongful death under Art. 7144, Chapter 117, of the Statutes of the State of Arkansas, above noted.

"That the plaintiffs, other than Mrs. E. M. Leach, were at the time of the death of said Thames, the minor children of said Thames and that Mrs. Leach was the surviving widow. That subsequent to Thames' death the defendant sent its representative to the widow with proposals for compromise settlement, which resulted in an agreement for settlement in the sum of $6,500.00, to be distributed $4,500.00 to the widow, and $500.00 to each of the minor children. That it was agreed that, to consummate the settlement, the mother, through an attorney to be employed by the defendant, would institute a suit for herself and as next friend of the minor children; which arrangement, being carried out, resulted in a suit and subsequent judgment of the 14th District Court, Dallas County, Texas, in a case styled Mae Thames vs. Magnolia Petroleum Company, awarding to the said Mae Thames, individually, the sum of $4,500.00, and, as next friend of each minor, the sum of $500.00.

"This judgment, it is alleged, was not binding upon the minors, then from 1 to 11 years of age, respectively, because they were represented merely by their mother who was adversely interested, and by an attorney employed by the defendant to represent the mother, in consequence of which, and of collusion between them, their interests were not protected, the sums awarded were inadequate, and the apportionment made unfair and not in accordance with law applicable.

"Plaintiff set out in detail the negligence claimed to have caused Thames' death and plaintiffs' consequent damages, laid at $50,-000.00, by reason of which they alleged that an actual trial would result in a different judgment, and prayed that the original judgment be set aside and that they have judgment for the damage alleged."

A general demurrer to the petition was sustained and the suit dismissed.

There is high authority in support of appellants' first point that the beneficiaries may maintain a suit in this State to recover damages for the wrongful death of O. C.

Thames. Stewart v. Baltimore & O. R. Co., 168 U.S. 445, 18 S.Ct. 105, 42 L.Ed. 537.

This case, however, seems somewhat inconsistent with the opinion of the same court in the later case of Spokane & I. E. R. Co. v. Whitley, 237 U.S. 487, 35 S.Ct. 655, 59 L.Ed. 1060, L.R.A.1915F, 736.

■ The great weight of authority supports the view that "the question of who may or must sue to enforce a cause of action for death arising in a foreign state is one of substantive right and not one of mere form or procedure." 17 C.J. p. 1275, § 126.

In Restatement of Conflict of Laws, § 396, it is said: "If the death statute of the state of wrong provides that suit for the death shall be brought by the personal representative of the deceased, recovery can be had only by a person qualified to sue at the forum as personal representative of the deceased."

From 17 C.J., Title, Death, § 126, page 1275, we quote: "Under the rule that in an action on a foreign statute all matters of substantive right are governed by the foreign statute, while all questions of practice and procedure are governed by the law of the forum, the question of who may or must sue to enforce a cause of action for death arising in a foreign state is one of substantive right, and not one of mere form or procedure. Accordingly such question is governed by the law of the place where the cause of action arose, and upon which it depends, and not by the law of the place where the action is brought. Thus where the lex loci delicti requires the action to be brought by the personal representative or other use plaintiff, it must be so brought, if at all, even in another state where the lex fori requires like action to be brought by the beneficiaries in their own name; and conversely, where the lex loci delicti gives the right of action directly to the beneficiaries, they must sue in their own right, notwithstanding the lex fori gives such action only to the personal representative. Whether the personal representative entitled to sue is one appointed in the state where the action is brought or the foreign representative has already been considered. It is beyond the power of the state to authorize any one to sue upon a cause of action arising under a foreign statute other than those designated by such foreign statute, because the right of action is wholly statutory, and must be taken with all the limitations placed upon it. There are a few discordant cases holding that the question of parties plaintiff is one of remedy and procedure and is governed by the law of the place where the action is brought, at least in cases where the right of action is given to one in a representative capacity, the rule being otherwise where the right is given to one to sue in his own right, for his own benefit exclusively."

■ The question is to whom does the Arkansas Statute give a cause of action? In Dicken v. Mo. Pac. R. Co., 188 Ark. 1035, 69 S.W.2d 277, the suit was by the surviving wife for the death of a husband occurring in Arkansas. The half-sister and half-brother of the deceased also intervened. The trial court directed a verdict for the defendants. This judgment was affirmed on appeal. The Supreme Court of Arkansas in disposing of the appeal said [page 278]: "The decisive issue is: Can appellants, the widow and heirs at law of Chester Dicken, maintain this suit? Or does the alleged cause of action rest exclusively in the personal representative of the deceased? In determining this question it must be remembered that at common law this cause of action, as alleged by appellants, did not survive the deceased. Therefore, the survival of said cause of action rests solely upon statutory law."

The court further says: "Our conclusion is, therefore, that all tort actions arising under the laws of this state, in favor of employees or for the benefit of deceased employee's widows and heirs at law and against corporations, other than corporations engaged in interstate commerce, must be instituted, prosecuted, and maintained by the personal representative of such deceased employee, and to this extent section 1075, Crawford & Moses' Digest, is impliedly repealed by section 7144 of Crawford & Moses' Digest."

The court also says: "It follows from what we have said that appellants have not the legal capacity to institute, prosecute, or maintain this suit against appellee Standard Gravel Company, and the trial court committed no error in directing a verdict in its behalf."

In our opinion the authorities from which we have quoted announce the correct rule. We so hold.

■ The doctrine of judicial estoppel has no controlling application. The plaintiffs' right to recover damages for the wrongful death of O. C. Thames has its source in the Arkansas statute quoted in

appellants' petition. We must look to that "statute to determine what the obligation is, to whom it runs, and the persons by whom or for whose benefit recovery may be had." Spokane & I. E. R. Co. v. Whitley, supra.

Under the Arkansas statute appellants have no right to recover the damages here sued for (Dicken v. Mo. Pac. R. Co., supra), and no such right is conferred upon them in this state by the doctrine of judicial estoppel.

The demurrer was properly sustained.

Affirmed.