**DR. PEPPER COMPANY and Nelson A. Bangs, Relators,**

v.

**Honorable Paul R. DAVIS, Jr., Respondent.**

No. 3–87–213–CV.

Court of Appeals of Texas, Austin.

Feb. 3, 1988.

Timothy Patton, J. Michael Ezzell, Groce, Locke & Hebdon, San Antonio, for relators.

Timothy F. Lee, W. Douglas Matthews, Schmidt & Matthews, P.C., Houston, for real-party-in-interest, Cynthia Dailey Krueger.

Before SHANNON, C.J., and GAMMAGE and CARROLL, JJ.

SHANNON, Chief Justice.

Dr. Pepper Company and Nelson A. Bangs, relators, seek a writ of mandamus vacating an order signed by respondent, the Honorable Paul R. Davis, Jr., Judge Presiding of the 167th District Court of Travis County. Judge Davis' order commanded Bangs, the Secretary and General Counsel for Dr. Pepper Company and a resident of Dallas County, to appear for trial of a suit pending in the district court of Travis County. Relators contend that the district court is without power to compel Bangs' attendance at the Travis County trial. The real party at interest is Cynthia Dailey Krueger. This Court will conditionally grant the writ of mandamus.

In the underlying cause, Cynthia Dailey Krueger filed suit against Dr. Pepper Company, and others, in the district court of Travis County for personal injuries sustained when the cap blew off a Dr. Pepper bottle and struck her in the eye.

During the course of discovery, Krueger's counsel took the depositions of five officials of Dr. Pepper, including that of Bangs. At that time, and by supplemental response, Dr. Pepper supplied many hun-

dreds of requested documents. Dr. Pepper, however, refused to supply certain materials which it claimed were in the files of its General Counsel, Nelson Bangs.

Later, Dr. Pepper received from Krueger's counsel notice to take the oral deposition of Bangs in Austin. In response, Dr. Pepper filed its motion for protective order requesting that the district court quash the notice to take Bangs' deposition in Austin.

After hearing, the district court granted the motion for protective order quashing the notice to take the oral deposition of Bangs in Austin, but ordered Bangs to attend trial of the suit in Travis County. Judge Davis did not then sign an order reflecting his oral ruling. Dr. Pepper thereafter filed a motion for reconsideration supported by Bangs' affidavit to the effect that (1) he had lived in Dallas for approximately ten years; (2) he did not live in Travis County and had no residence or property in Travis County; (3) Dr. Pepper Company's principal place of business was in Dallas; and, (4) the distance between Dallas and Austin is approximately two hundred miles.

Judge Davis finally signed an order overruling the motion for reconsideration and ordering Bangs "to appear for trial in Travis County, Texas, as previously ordered...." The text of the decretal clause of the order is as follows:

IT IS THEREFORE ORDERED that the Motion for Reconsideration of DR. PEPPER COMPANY be in all things denied and that the Motion for Protective Order is granted, the notice of deposition of Nelson A. Bangs is hereby quashed, but the said Nelson A. Bangs is ORDERED to appear for trial in Travis County, Texas, as previously ordered....

Relators seek a writ of mandamus from this Court ordering the district court to vacate that part of the order commanding Bangs to attend trial in Travis County.

Relators assert that Judge Davis' order is void because a district court is without power to authorize the issuance of a subpoena or otherwise compel any person, including an officer of a party, to appear as a witness at trial if that person resides more than one hundred miles from the courthouse of the county in which suit is pending and outside the county of suit. We agree.

The district court is empowered to require a witness, including a party or an officer of a party, to attend trial if he resides within one hundred miles of the courthouse of the county in which the suit is pending or if he may be found within such distance at the time of trial. Tex.R.Civ.P.Ann. 176, 181 and 182 (1986). The uncontroverted proof is that Bangs is a resident of Dallas and that the distance between Austin and Dallas is approximately two hundred miles. It follows that Bangs is beyond the subpoena power of the district court of Travis County.

Krueger defends the district court's order asserting that it is a "proper exercise of the court's power to oversee discovery" pursuant to Tex.R.Civ.P.Ann. 166b (1986). Krueger observes generally that the trial court has the power and duty to supervise pretrial discovery matters. Krueger adds that the district court invoked those powers by "ordering Dr. Pepper to have Nelson Bangs at the trial of this case."

A reading of the district court's order dispels Krueger's argument. First, the district court, by its order, directs Bangs to appear *for trial;* it does not order him to appear for some pretrial discovery proceeding. Second, the district court by its order commands *Nelson A. Bangs* to appear for trial; it does not order *Dr. Pepper* "to have Nelson Bangs at the trial of the case."

The district court should set aside that part of the order commanding Nelson A. Bangs to appear for trial in Travis County. This Court assumes that Judge Davis will comply promptly and, only in the event that he fails to do so, will a writ of mandamus issue.