# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## ON MOTION FOR REHEARING

---

## NO. 03-22-00689-CV

**Shirley McDonald, Appellant**

**v.**

**Transco, Inc. and McLane Company, Inc., Appellees**

---

### FROM THE 169TH DISTRICT COURT OF BELL COUNTY
### NO. 21DCV328493, THE HONORABLE CARI L. STARRITT-BURNETT, JUDGE PRESIDING

---

## O P I N I O N

We withdraw our previous opinion and judgment issued on May 31, 2024, and substitute the following opinion and judgment in their place. We deny appellant's motion for rehearing.

This wrongful-death case spans several states. Appellant Shirley McDonald is a resident of Mississippi. Appellee Transco, Inc. is a Nevada corporation with its principal place of business in Temple, Bell County, Texas. Appellee McLane Company, Inc. is a Texas corporation whose principal place of business is also in Temple. McDonald brought a wrongful-death action in Bell County, Texas, against Transco and McLane for the death of her son Lawrence Page, a Florida resident who died after being injured in an automobile collision that took place in Florida. The collision involved a tractor-trailer owned by Transco and operated by employees of McLane.

The trial court concluded that Florida law governs all issues in the lawsuit, and based on that law, dismissed McDonald's suit for lack of standing and capacity or, in the alternative, on forum non conveniens grounds. Although we conclude that McDonald has standing and capacity, because we agree that the case should be dismissed on forum non conveniens grounds, we affirm.

## BACKGROUND

The incident from which this case arises occurred in Perdido Key, Florida, on May 6, 2021. A driver and two assistants, each employed by McLane, were traveling in a Transco-owned tractor-trailer, attempting to make a delivery to a grocery store. Page, a Florida resident who was driving his own vehicle, collided with the tractor-trailer. He was severely injured, went into a coma, and eventually died from the injuries he sustained in the collision. After Page's death, a Florida court appointed Page's daughter, Lauren Jones, as Page's personal representative. Jones brought a wrongful-death action against Transco and McLane in Florida, alleging negligent operation of the tractor-trailer. *See generally* Fla. Stat. §§ 768.16-.26 (Florida Wrongful Death Act). Section 768.20 of the Florida statute establishes that a wrongful-death action "shall be brought by the decedent's personal representative, who shall recover for the benefit of the decedent's survivors and estate all damages, as specified in this act, caused by the injury resulting in death." *Id.* § 768.20.

McDonald also brought a wrongful-death action against Transco in Bell County, Texas, alleging negligent operation of the tractor-trailer by the driver and his two assistants and negligent failure to train those individuals by Transco. *See generally* Tex. Civ. Prac. & Rem. Code §§ 71.001-.051 (Texas Wrongful Death Act). McDonald later amended her petition to include McLane as a defendant, alleging that McLane employed the driver and assistants and also

2

negligently failed to train them. She further asserted claims of vicarious liability against both Transco and McLane, under the doctrine of respondeat superior, for the actions of the driver and the actions and inactions of the two assistants.

Transco and McLane moved to dismiss the case, arguing that Florida law applies to McDonald's claims, and that under the governing Florida statute, McDonald lacked standing and capacity to sue them in Texas. In another motion, they contended that the case should be dismissed for forum non conveniens. The trial court ruled in favor of Transco and McLane, dismissing with prejudice McDonald's claim for lack of standing and capacity or, in the alternative, forum non conveniens. The trial court issued findings of fact and conclusions of law supporting its grant of the motion on forum non conveniens grounds, as required by Texas Civil Practice and Remedies Code Section 71.051(f).[1] *See* Tex. Civ. Prac. & Rem. Code § 71.051(f) ("A court that grants a motion to stay or dismiss an action under the doctrine of forum non conveniens shall set forth specific findings of fact and conclusions of law."); *see also* Tex. R. Civ. P. 296. This appeal followed.

**ANALYSIS**

In two issues, McDonald contends that the trial court erred by (1) applying Florida law to conclude that her suit should be dismissed for lack of standing and capacity and (2) dismissing her suit on forum non conveniens grounds. In connection with the first issue,

---

[1] McDonald did not request that the trial court issue findings of fact and conclusions of law for the trial court's grant of the motion to dismiss on standing and capacity grounds. When Transco and McLane submitted their proposed findings of fact and conclusions of law, they stated that findings of fact and conclusions of law are not required and therefore were not submitted on that motion. However, the submitted findings and conclusions, which were subsequently issued by the trial court, contain findings of fact and conclusions of law related to the choice-of-law arguments on standing and capacity made by Transco and McLane.

3

Transco and McLane argue on appeal, as they did in the motion to dismiss, that there is a conflict between Texas law and Florida law on who has standing (or alternatively, capacity) to bring wrongful-death claims, and accordingly, the trial court was required to engage in a choice-of-law analysis that ultimately required the application of Florida law. In connection with the second issue, Transco and McLane contend that the trial court did not abuse its discretion by dismissing on grounds of forum non conveniens because Florida is an adequate alternative forum and the private and public interests favor Florida. We turn first to the issue of McDonald's standing, or alternatively, capacity.

## I.     Standing and Capacity to Bring a Wrongful-Death Action in Texas

Standing is a component of subject-matter jurisdiction, and we review questions of standing de novo. *Farmers Tex. Cnty. Mut. Ins. Co. v. Beasley*, 598 S.W.3d 237, 240 (Tex. 2020). To the extent that the trial court concluded that McDonald lacked capacity to bring a wrongful-death suit, that is a conclusion of law that we also review de novo. *See Picard v. Badgett*, No. 14-19-00006-CV, 2021 WL 786817, at *2 (Tex. App.—Houston [14th Dist.] Mar. 2, 2021, no pet.) (mem. op.) (citing *Anderson v. New Prop. Owners' Ass'n of Newport, Inc.*, 122 S.W.3d 378, 384 (Tex. App.—Texarkana 2003, pet. denied)). A plaintiff must have both standing and capacity to bring a lawsuit. *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005). As the Texas Supreme Court has explained these concepts:

> A plaintiff has *standing* when it is personally aggrieved, regardless of whether it is acting with legal authority; a party has *capacity* when it has the legal authority to act, regardless of whether it has a justiciable interest in the controversy.

*Nootsie, Ltd. v. Williamson Cnty. Appraisal Dist.*, 925 S.W.2d 659, 661 (Tex. 1996).

4

McDonald sued under the Texas Wrongful Death Act. When an action is brought for an out-of-state death, that Act establishes as follows:

(a) An action for damages for the death or personal injury of a citizen of this state, of the United States, or of a foreign country may be enforced in the courts of this state, although the wrongful act, neglect, or default causing the death or injury takes place in a foreign state or country, if:

  (1) a law of the foreign state or country or of this state gives a right to maintain an action for damages for the death or injury;

  (2) the action is begun in this state within the time provided by the laws of this state for beginning the action;

  (3) for a resident of a foreign state or country, the action is begun in this state within the time provided by the laws of the foreign state or country in which the wrongful act, neglect, or default took place; and

  (4) in the case of a citizen of a foreign country, the country has equal treaty rights with the United States on behalf of its citizens.

(b) Except as provided by Subsection (a), all matters pertaining to procedure in the prosecution or maintenance of the action in the courts of this state are governed by the law of this state.

(c) The court shall apply the rules of substantive law that are appropriate under the facts of the case.

Tex. Civ. Prac. & Rem. Code § 71.031; *see also id.* § 71.003(b) (establishing Texas Wrongful Death Act applies "whether the injury occurs inside or outside this state"). The Texas Act authorizes "[t]he surviving spouse, children, and parents of the deceased" to bring the action "or one or more of those individuals may bring the action for the benefit of all."[2] *Id.* § 71.004(b). In

---

[2] In addition, "[i]f none of the individuals entitled to bring an action have begun the action within three calendar months after the death of the injured individual, his executor or administrator shall bring and prosecute the action unless requested not to by all those individuals." Tex. Civ. Prac. & Rem. Code § 71.004(c).

5

contrast, as noted above, the Florida Act mandates that a wrongful-death action "shall be brought by the decedent's personal representative, who shall recover for the benefit of the decedent's survivors and estate all damages, as specified in this act, caused by the injury resulting in death" (the "Representative Rule"). Fla. Stat. § 768.20.

Because of this conflict between the two states' laws, Transco and McLane argue that the trial court appropriately engaged in a choice-of-law analysis to determine whether McDonald has standing and capacity to bring her wrongful-death action in Texas, asserting that both standing and capacity are substantive, not procedural, issues. *Compare* Tex. Civ. Prac. & Rem. Code § 71.031(c) (requiring court to apply "appropriate" rules of substantive law) *with id.* § 71.031(b) (establishing that procedural issues related to prosecution and maintenance of action are governed by Texas law, except as otherwise provided in Subsection (a)). They contend that because under Florida law, the Representative Rule is a substantive rule governing standing, the trial court correctly engaged in a choice-of-law analysis and applied Florida law to conclude that under the Florida Act, McDonald does not have standing, or alternatively, capacity, to bring a wrongful-death action in Texas. *See id.* § 71.031(c).

Conversely, McDonald contends that she has both standing and capacity to bring a claim under the Texas Act, which allows parents of the decedent to bring a wrongful-death action for an out-of-state death. *See id.* §§ 71.003(b), .004(b), .031(a). She further asserts that Transco and McLane's argument that the Florida Act precludes her from filing suit in Texas raises an issue of capacity, which she contends is a procedural issue, not a substantive one. Thus, she argues, we should apply Texas law, as the law of the forum, *see id.* § 71.031(b), and determine that the trial court erred when it concluded that she lacked standing and capacity to bring and maintain her suit.

6

We begin by construing the Texas Act to determine whether it requires us to engage in the choice-of-law analysis that Transco and McLane insist is necessary to determine whether McDonald may bring her suit in a Texas court. "When construing a statute, our primary objective is to ascertain and give effect to the Legislature's intent." *TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011) (citing Tex. Gov't Code § 312.005; *Texas Dep't of Protective and Regulatory Servs. v. Mega Child Care*, 145 S.W.3d 170, 176 (Tex. 2004)). We examine the "plain and common meaning of the statute's words" to discern that intent. *Texas Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 642 (Tex. 2004); *see also* Tex. Gov't Code §§ 312.002, .003. When the statute's language is unambiguous, "we adopt the interpretation supported by its plain language unless such an interpretation would lead to absurd results." *TGS-NOPEC*, 340 S.W.3d at 439. "We presume the Legislature included each word in the statute for a purpose and that words not included were purposefully omitted." *In re Panchakarla*, 602 S.W.3d 536, 540 (Tex. 2020) (orig. proceeding) (per curiam) (quoting *Lippincott v. Whisenhunt*, 462 S.W.3d 507, 509 (Tex. 2015)). "We construe statutes and related provisions as a whole, not in isolation." *Id.*

Under Section 71.031(a):

> *An action for damages for the death . . . of a citizen . . . of the United States . . . may be enforced in the courts of this state*, although the wrongful act, neglect, or default causing the death or injury takes place in a foreign state or country, if: (1) *a law* of the foreign state or country or *of this state gives a right to maintain an action for damages for the death* or injury . . . .

Tex. Civ. Prac. & Rem. Code § 71.031(a)(1) (emphases added). In other words, Subsection (a)(1) establishes that a wrongful-death suit for an out-of-state death can be maintained in a Texas court by anyone given a right to maintain an action by a law of Texas or the foreign state or country where the death occurred. To illustrate how Subsection (a)(1) works, under the facts presented

7

here, while Texas law gives McDonald a right to maintain a wrongful-death action in Texas as the surviving parent of the decedent for the out-of-state death, *see id.* §§ 71.003(b), .004(b), if instead a grandchild of the decedent had filed the wrongful-death action in Texas, the grandchild would not be able to maintain that same action in Texas in an individual capacity under either the Texas Act (which only allows the surviving spouse, children, and parents of the deceased or an estate representative to pursue a suit) or the Florida Act (which only allows a decedent's personal representative to pursue a suit).

Moreover, Section 71.031(b) states: "*Except as provided by Subsection (a)*, all matters pertaining to procedure in the prosecution or maintenance of the action in the courts of this state are governed by the law of this state." *Id.* § 71.031(b) (emphasis added). Thus, Subsection (b) indicates that the specific provisions of Subsection (a) govern matters pertaining to procedure in the prosecution or maintenance of the action and are exceptions to the usual procedural law of this state. For example, Subsection (a)(1) would allow someone who is given the right to maintain a wrongful-death action under the law of a different state to maintain an action here even if Texas law would not otherwise allow that person to bring an action under Section 71.004.

We conclude that Subsection (a) governs this issue, and therefore a choice-of-law analysis is not required under the statute. The Texas Supreme Court's decision in *In re Mahindra, USA Inc.*, 549 S.W.3d 541, 547 (Tex. 2018) (orig. proceeding), further supports this conclusion. In *Mahindra*, the Texas Supreme Court considered the denial of a motion to dismiss on forum non conveniens grounds. Similarly to Transco and McLane's argument here, Mahindra argued that the trial court was required to conduct a choice-of-law analysis of the surviving children's wrongful-death claims for the out-of-state death of their father in Mississippi. *Id.* at 547. The children were

8

brothers who were both Texas residents, and their father was a Mississippi resident. *Id.* at 543. The brothers both brought claims in their individual capacities, and one of them was also the administrator of his father's Mississippi estate. *Id.* Mahindra contended that the trial court should have applied Mississippi law, and that if it had done so, it would have determined that the brothers' suit was a suit in a representative capacity only. Mahindra further reasoned that if the trial court had made that determination, the brothers thus would not have been entitled to invoke the statutory exception under the Texas forum non conveniens statute, which prohibits the trial court from staying or dismissing the wrongful-death suit of plaintiffs who are legal residents of Texas or derivative claimants of a legal resident of Texas. *See* Tex. Civ. Prac. & Rem. Code § 71.051(e). The Texas Supreme Court concluded that the trial court did not need to consult Mississippi law to determine that the brothers, as Texas residents, were entitled to the statutory exception to forum non conveniens. 549 S.W.3d at 547; *see also* Tex. Civ. Prac. & Rem. Code § 71.051(e). The court further noted that Mississippi law actually allowed multiple wrongful-death beneficiaries to participate in the suit and described Section 71.004(b) as "Texas procedural law" that was not different in terms of who it allows to bring an action for the benefit of all. *In re Mahindra*, 549 S.W.3d at 547 (concluding that forum non conveniens is also procedural rather than substantive in nature and thus law of forum applies to determine its application, citing Tex. Civ. Prac. & Rem. Code § 71.031(b)-(c)).

As part of their argument that the issue of whether McDonald can bring her action under the Texas Act is a substantive issue that can be governed by foreign law, Transco and McLane contend that the court's holding in *Nealy v. Magnolia Petroleum Co.*, 121 S.W.2d 425 (Tex. App.—El Paso 1938, writ ref'd), should determine the outcome of this case. We disagree. *Nealy* involved a prior version of the Texas Wrongful Death Act. *Id.* at 426 (decedent's children

9

sued under Texas statute that allowed foreign state's wrongful-death statute for death in foreign state to be enforced in Texas court, seeking to set aside settlement between their mother and father's defendant employer for their father's death, which occurred in Arkansas). At that time, although a suit for the wrongful death of a foreign citizen in a foreign state could be brought in Texas, the Texas Wrongful Death Statute did not itself apply to deaths that occurred outside of Texas. Instead, the foreign state's right of action could be enforced here, and Texas law controlled all matters relating to procedure. *Id.*; *see also Marmon v. Mustang Aviation, Inc.*, 430 S.W.2d 182, 184 (Tex. 1968) (concluding that Texas Wrongful Death Act did not apply to deaths outside of Texas even when decedents were Texas citizens). While *Nealy* has never been overruled, we find it to be distinguishable from this case. Contrary to the circumstances here, the *Nealy* court was not deciding whether the plaintiffs could bring an action for an out-of-state wrongful death under the Texas Wrongful Death Act because the Texas Wrongful Death Act did not apply to out-of-state deaths at that time. The court was deciding whether to apply Texas law about who could bring wrongful-death claims in a Texas forum for a death in Arkansas arising under and solely governed by the Arkansas statute for wrongful death. *Nealy*, 121 S.W.2d at 426. In those circumstances, it makes sense that the court concluded that in an action on another state's wrongful-death statute, the question of who may or must sue to enforce that cause of action for a death occurring in that state "is one of substantive right, and not one of mere form or procedure." *Id.* at 427.

In 1975, the Texas Legislature amended the Texas Wrongful Death Act to allow it to apply to deaths that occurred outside of Texas. *Total Oilfield Servs., Inc. v. Garcia*, 711 S.W.2d 237, 239 (Tex. 1986) (per curiam) (noting that 1975 amendment added the language currently found in Section 71.031(c) that "courts shall apply such rules of substantive law as are appropriate under the facts of the case"); *see also Gutierrez v. Collins*, 583 S.W.2d 312, 318-19 (Tex. 1979)

10

(holding in "all conflicts cases sounding in tort," Texas courts must look to most-significant-relationship test enunciated in Sections 6 and 145 of Restatement (Second) of Conflicts to decide which state's law to apply to each substantive issue). Transco and McLane urge that we should apply the most-significant-relationship test, as well as Restatement Sections 175, 179, and 180, which when read together state that when the wrongful-death statute of the state selected by the application of the most-significant-relationship test establishes that the action shall be brought by the decedent's personal representative, only that personal representative may bring suit. *See* Restatement (Second) of Conflict of Laws §§ 6, 145, 175, 179, 180 (1971). We note that Transco and McLane do not cite any cases under the current version of the Texas Wrongful Death Act where these provisions have been applied to determine whether a plaintiff could sue under the Texas Act. Moreover, the first principle enumerated in Section 6(1) of the Restatement is the following: "A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law." *Id.* § 6(1). As discussed above, the Texas Act now directs us in Section 71.031(a)(1) that a wrongful-death suit for an out-of-state death can be maintained in a Texas court by anyone given a right to maintain a wrongful-death action by a law of Texas or the foreign state or country where the death occurred. Tex. Civ. Prac. & Rem. Code § 71.031(a)(1).

Even when choice-of-law principles dictate that the substantive law of another jurisdiction should apply to particular issues, the forum state's law governs matters of procedure. *See In re Mahindra*, 549 S.W.3d at 547 (citing *Longview Energy Co. v. Huff Energy Fund LP*, 533 S.W.3d 866, 872 (Tex. 2017)). The Texas Legislature has incorporated this directive into the wrongful-death statute. Tex. Civ. Prac. & Rem. Code § 71.031(b)-(c). "Generally, what is a matter of substance and what is a matter of procedure is determined by the law of the forum state according to its own laws." *E.g.*, *PennWell Corp. v. Ken Assocs., Inc.*, 123 S.W.3d 756, 764 (Tex.

11

App.—Houston [14th Dist.] 2003, pet. denied); *Owens-Corning Fiberglas Corp. v. Martin*, 942 S.W.2d 712, 721 (Tex. App.—Dallas 1997, no writ) ("Furthermore, to determine whether a statute is procedural or substantive, we apply Texas rules of construction."); *see also Brandon v. Ivie*, No. 12-17-00344-CV, 2018 WL 4212883, at *2 (Tex. App.—Tyler Aug. 22, 2018, no pet.) (mem. op.); *Hunt Oil Co. v. Live Oak Energy, Inc.*, 313 S.W.3d 384, 387 (Tex. App.—Dallas 2009, pet. denied). Based on both our construction of the applicable Texas Act provisions (Sections 71.003(b), 71.004(b), 71.031(a)) and the Texas Supreme Court's guidance in *Mahindra* that Section 71.004 governs a matter of procedure, we conclude that the trial court erred by conducting a choice-of-law analysis here and reaching the conclusion that McDonald lacked both standing and capacity under Florida law. The Texas Wrongful Death Act allows a nonresident parent to bring a wrongful-death action in Texas for a nonresident child's death that occurred out of state. *See* Tex. Civ. Prac. & Rem. Code §§ 71.003(b), .004(b), .031(a). We sustain McDonald's first issue.

## II.     Forum Non Conveniens Provision of Texas Wrongful Death Act

In McDonald's second issue, she challenges the trial court's dismissal of her suit on forum non conveniens grounds. She asserts that the trial court abused its discretion because she has no remedy in Florida and because the other factors governing dismissal favor keeping the suit in Bell County, where she asserts Transco and McLane manage their investigation of accidents. In response, Transco and McLane contend that the trial court properly determined that Section 71.051(b) of the Texas Wrongful Death Act requires dismissal of McDonald's claim. *See* Tex. Civ. Prac. & Rem. Code § 71.051(b).

12

Section 71.051(b) requires that a court stay or dismiss a wrongful-death action if it finds that in the interest of justice and for the convenience of the parties, the action would be more properly heard in a forum outside of Texas. To determine whether to grant a motion to dismiss under this doctrine, the court must consider whether:

(1)     an alternate forum exists in which the claim or action may be tried;

(2)     the alternate forum provides an adequate remedy;

(3)     maintenance of the claim or action in the courts of this state would work a substantial injustice to the moving party;

(4)     the alternate forum, as a result of the submission of the parties or otherwise, can exercise jurisdiction over all the defendants properly joined to the plaintiff's claim;

(5)     the balance of the private interests of the parties and the public interest of the state predominate in favor of the claim or action being brought in an alternate forum, which shall include consideration of the extent to which an injury or death resulted from acts or omissions that occurred in this state; and

(6)     the stay or dismissal would not result in unreasonable duplication or proliferation of litigation.

*Id.* According to Section 71.051(b), a court "shall decline to exercise jurisdiction" when these factors predominate in favor of dismissal. *Id.*

The doctrine of forum non conveniens "comes into play when there are sufficient contacts between the defendant and the forum state to confer personal jurisdiction upon the trial court, but the case itself has no significant connection to the forum." *In re Pirelli Tire, L.L.C.*, 247 S.W.3d 670, 675-76 (Tex. 2007) (orig. proceeding) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). While the doctrine "has always afforded great deference to the plaintiff's forum choice," it "generally affords substantially less deference to a nonresident's forum choice." *Id.* at

13

675. As codified in the Texas Wrongful Death Act, claims of a Texas resident or of a derivative claimant of a Texas resident may not be dismissed on forum non conveniens grounds. Tex. Civ. Prac. & Rem. Code § 71.051(e). The six-factor statutory test applies only to nonresident plaintiffs. *Id.* Both the common-law doctrine and the six-factor statutory test "also recognize[] that the plaintiff's choice must sometimes yield in the public interest, and in the interest of fundamental fairness." *See In re Pirelli Tire*, 247 S.W.3d at 675. The Texas Supreme Court has "recognized that '[i]t is fundamentally unfair to burden the people of Texas with the cost of providing courts to hear cases that have no significant connection with the State.'" *Id.* at 676 (quoting *In re Smith Barney, Inc.*, 975 S.W.2d 593, 598 (Tex. 1998) (orig. proceeding)).

We review the trial court's ruling on a forum non conveniens motion to dismiss for a clear abuse of discretion. *Id.* ("[T]rial courts possess broad discretion in deciding whether to dismiss a case on forum-non-conveniens grounds."). If the trial court's decision is arbitrary, unreasonable, and without reference to guiding principles, it constitutes an abuse of discretion. *Id.* The Texas Supreme Court has explained the trial court's consideration of the statutory factors as follows:

> The statute does not mandate that a movant prove each factor or that each factor must weigh in favor of dismissal to require a motion to be granted. . . . The statute simply requires the trial court to consider the factors, and it must do so to the extent the factors apply. To the extent evidence is necessary to support the positions of the parties, the trial court must base its findings and decision on the weight of the evidence, and certainly is entitled to take into account the presence or absence of evidence as to some issue or position of a party.

*In re General Elec. Co.*, 271 S.W.3d 681, 687 (Tex. 2008) (orig. proceeding) (citations omitted).

McDonald primarily argues on appeal that there is no evidence to support the trial court's rulings that McDonald has a remedy in Florida (factor 2) or that Transco and McLane will

14

suffer substantial injustice from a trial in Texas (factor 3) and that it was unreasonable for the trial court to conclude that private-interest and public-interest factors favor dismissal (factor 5), while Transco and McLane contend that all six factors support dismissal. We will address each of the six factors in turn.

**Factor 1: An Alternate Forum Exists in Florida**

Under the first factor, the trial court considers whether an alternate forum exists in which the action could be tried. Tex. Civ. Prac. & Rem. Code § 71.051(b)(1). An alternative forum exists if the defendant consents to jurisdiction or would be subject to the alternate forum's jurisdiction. *In re Oceanografia, S.A. de C.V.*, 494 S.W.3d 728, 732 (Tex. 2016) (orig. proceeding). The trial court made findings of fact and conclusions of law in support of this factor, and McDonald does not challenge the existence of the alternate forum, only the adequacy of the remedy available there (factor 2).

Here, Transco and McLane have consented to the exercise of personal jurisdiction by a competent court in Escambia County, Florida, for the limited purpose of claims based on the accident, and they agreed that they will not argue that time before the dismissal at issue in this appeal counts for the purposes of the statute of limitations governing McDonald's recovery in Florida. Moreover, Florida's long-arm statute imposes personal jurisdiction over any cause of action arising from operating a business in Florida, committing a tort in Florida, or causing injury within Florida while engaged in solicitation or service within Florida. Fla. Stat. § 48.193(1)(a)(1), (2), (6)(a). Because Transco and McLane allegedly committed the tort of negligence in Florida, and their operation of a distribution business in Florida allegedly resulted in the collision that caused Page's injury and eventual death, Transco and McLane are subject to Florida's long-arm

15

statute. In addition, Florida's venue statute provides that lawsuits against foreign corporations may be filed in Florida "where the cause of action accrued." *Id.* § 47.051. McDonald's causes of action accrued in Escambia County, Florida, because the accident and Page's death occurred in Escambia County. Accordingly, the first factor weighs in favor of dismissal, and the trial court did not abuse its discretion by reaching the same conclusion.

### Factor 2: Florida Would Provide an Adequate Remedy

The second factor requires the trial court to consider whether the alternate forum provides an adequate remedy. Tex. Civ. Prac. & Rem. Code § 71.051(b)(2). "An alternative forum is adequate if the defendant would be subject to the alternate forum's jurisdiction by consent or otherwise, and the substantive law in the alternate forum would not deprive the parties of a remedy."[3] *In re Oceanografia*, 494 S.W.3d at 732. "Lesser remedies will not make a forum inadequate; a forum is inadequate if the remedies it offers are so unsatisfactory they really comprise no remedy at all." *Id.*

As discussed above, the Florida Wrongful Death Act establishes that a decedent's personal representative must bring a wrongful-death action, and that the personal representative "shall recover for the benefit of the decedent's survivors and estate all damages, as specified in this act, caused by the injury resulting in death." Fla. Stat. § 768.20. Furthermore, Florida law defines "survivors" to include the decedent's parents. *Id.* §768.18(1). The Florida Act allows recovery of any medical expenses and funeral expenses due to the decedent's injury or death "by

---

[3] McDonald does not challenge the trial court's conclusion of law that "Florida has personal jurisdiction over Transco and McLane for the purpose of [McDonald's] claims, both because of Defendants' agreement to personal jurisdiction and because of Florida's long-arm statute."

a survivor who has paid them." *Id.* § 768.21(5). In addition, each survivor may recover the value of past and future lost support and services, *id.* § 768.21(1), and the personal representative may also recover for the estate loss of earnings of the decedent from date of injury to date of death, and in some circumstances, loss of prospective net accumulations of an estate, *id.* § 768.21(6). The damages that McDonald seeks in her petition include damages for past and future loss of companionship of her son and "past and future pecuniary loss due to the loss of her son," as well as damages for past and future mental anguish she suffered because "of the horrific injuries sustained by her son, which caused him to be in a vegetative state for over five months and ultimately caused his death." While Florida law and Texas law are not identical on the topic of remedies, "[t]hat the substantive law of an alternative forum may be less favorable to the plaintiff is entitled to little, if any, weight" in our forum non conveniens analysis. *In re Pirelli Tire*, 247 S.W.3d at 678. Courts consider an alternative forum adequate as long as a party is not deprived of all remedies or treated unfairly. *Id.* Therefore, a "comparative analysis of the procedures, rights, and remedies available in Texas [and other forums] should only be given weight if [an alternate forum] would in substance provide no remedy at all." *In re General Elec. Co.*, 271 S.W.3d at 688.

The trial court made several findings of fact about the Florida litigation that are unchallenged by McDonald on appeal. The trial court found that "[a] court in Florida appointed Lauren Jones, Decedent's adult daughter, as the sole personal representative of Decedent's estate and invested her with the exclusive authority to bring wrongful death claims based on the death of Decedent." The trial court further found that McDonald "did not dispute that she had the ability to become involved in the Florida lawsuit" and that McDonald "is not the personal representative, is not seeking to become the personal representative, and was aware during the pendency of this

17

lawsuit that Lauren Jones is the duly appointed personal representative." Additionally, the trial court found that McDonald was aware of the Florida litigation but chose not to coordinate with the personal representative or seek relief in Florida and that "any difficulties that [McDonald] may experience in refiling in Florida would not result from [Transco and McLane's] actions but from [McDonald's] strategic choices." The trial court also made an unchallenged finding that "Lauren Jones [Decedent's adult daughter] exercised her exclusive authority as personal representative by filing a complaint in Florida state court asserting the same causes of action for the same wrongful death alleged in [McDonald's] petition." The trial court issued conclusions of law that Florida law and a Florida forum provide an adequate remedy for McDonald's alleged injuries and that the personal representative "is empowered and obligated to seek recovery for [McDonald's] injuries through litigation or settlement in Florida."

We agree with the trial court's conclusions of law. Although the Florida court appointed McDonald's granddaughter Jones as Page's personal representative with the exclusive power to pursue any wrongful-death litigation, that appointment did not deprive McDonald of an adequate remedy. Florida law provides McDonald with the *potential* to recover damages for the wrongful death of Page as a survivor and as part of Page's estate. *See, e.g.*, *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 259 & n.22 (1981) (noting that alternate forum is adequate when defendant is amenable to process there and forum permits "litigation of the subject matter of the dispute"); *Kempe v. Ocean Drilling & Expl. Co.*, 876 F.2d 1138, 1142-45 (5th Cir. 1989) (concluding that trial court did not err by concluding Bermuda provided adequate forum for plaintiff's claims even though RICO cause of action is not available there because it found that plaintiff could bring its other claims for fraud, negligent misrepresentation, breach of fiduciary duty, and piercing the corporate veil and thus Bermuda court had "the power to see to it that defendants make good

18

whatever harm they did"). Therefore, Florida law does not deprive McDonald of all remedies or treat her unfairly. A movant is not required to demonstrate that the plaintiff will definitely recover in the alternate forum or that the same remedies are available in the alternate forum to demonstrate that an adequate alternate forum exists. *See In re Pirelli Tire*, 247 S.W.3d at 678; *see also In re Oceanografia*, 494 S.W.3d at 733 ("A forum will not be inadequate simply because its laws are less favorable to plaintiffs.").

To the extent that McDonald argues that Florida does not provide her with an adequate remedy because the personal representative has already settled with Transco and McLane and McDonald did not obtain a recovery from that settlement or the estate, we disagree. At the time she filed her lawsuit in Texas—the point in time relevant to the forum non conveniens analysis in this case—the alternate forum of Florida provided an adequate remedy. *Cf. Tullis v. Georgia-Pac. Corp.*, 45 S.W.3d 118, 131 (Tex. App.—Fort Worth 2000, no pet.) (concluding plaintiff would have no remedy in alternate forum of Tennessee because her claim would be time barred by that state's one-year statute of limitations). Section 71.051(b) requires a court to consider whether "an alternate forum exists *in which the claim or action may be tried*." Tex. Civ. Prac. & Rem. Code §71.051(b)(1) (emphasis added). Contrary to McDonald's arguments, the statute requires neither that the trial court predict whether the plaintiff will in fact be entitled to a recovery in that alternate forum, nor that the plaintiff be able to bring the claim in an individual capacity. Based on the record before us, including the trial court's unchallenged findings of fact that McDonald was aware of the Florida wrongful-death suit and had the ability to become involved in that lawsuit but chose not to coordinate with the personal representative or seek relief in Florida, we conclude that the trial court did not abuse its discretion by determining that the alternate forum of Florida provides an adequate remedy and that the second factor weighs in favor of dismissal.

19

**Factor 3: Maintenance of Action in Texas Would Work Substantial Injustice to Transco and McLane**

The third factor requires the trial court to consider whether maintenance of the action in Texas would work a "substantial injustice to the moving party." Tex. Civ. Prac. & Rem. Code § 71.051(b)(3). Specifically, this factor hinges on whether "the majority of witnesses, or key witnesses, are or are not subject to compulsory process in Texas." *In re Transcontinental Gas Pipeline Co., LLC*, 542 S.W.3d 703, 716 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding); *see In re Oceanografia*, 494 S.W.3d at 732 (holding that maintaining action in Texas worked substantial injustice when multiple key witnesses could not be compelled to testify in Texas). "The general rule in Texas is that a substantial injustice is worked upon a defendant litigating in Texas when the vast majority of the witnesses are not subject to compulsory process in Texas." *In re XTO Energy, Inc.*, No. 01-17-00652-CV, 2018 WL 2246216, at *7 (Tex. App.—Houston [1st Dist.] May 17, 2018, orig. proceeding) (mem. op.). A substantial injustice may occur even if a defendant "still has access to these witnesses by virtue of their deposition testimony." *Id.*

The trial court made a number of findings of fact about the location and importance of various witnesses and evidence, including that the majority of relevant witnesses cannot be compelled to testify in Texas and that neither Transco nor McLane can ensure that witnesses will voluntarily agree to testify in Texas at the time of trial. *See* Tex. R. Civ. P. 176.3(a) (establishing maximum 150-mile limitation on trial court's authority to compel nonparty witnesses to appear at trial). The trial court found that it would not be possible to compel several important witnesses to this case to testify, including the operators of the tractor-trailer who were McLane employees at the time of the accident, the responding law-enforcement and medical personnel, the healthcare professionals that cared for Page in a Florida hospital for five months after the accident until his

20

death, and the current owner of the vehicle Page was driving, all of whom reside in Florida or Alabama. (The site of the accident is only two miles from the Alabama border.) In addition, the claims examiner and counsel who investigated the accident for McLane and its insurance carriers reside in Maryland and Alabama, respectively; the people who towed and inspected Page's vehicle reside in Florida.

McDonald argues that "the primary witnesses outside Texas are all subject to Transco and McLane's control because they are all employees," suggesting that the tractor-trailer operators who were employees at the time of the accident are subject to Transco and McLane's control and thus could be compelled to appear.[4] We disagree. None of the cases cited by McDonald establish that a trial court has the authority to compel an employee of a party who resides outside of the court's subpoena power to testify. *See* Tex. R. Civ. P. 176.3(a) ("A person

---

[4] In addition, McDonald suggests that Transco and McLane were required to demonstrate that the out-of-Texas nonparty witnesses such as the responding law-enforcement officer "and unidentified witnesses" are unwilling to testify in Texas or are critical to Transco and McLane's defense. We disagree that Transco and McLane are required to make such a showing to establish that maintaining the action would work a substantial injustice to them. Although the "availability and cost of compulsory process" is a private-interest consideration that courts consider as part of the analysis of the fifth factor, *see In re General Elec. Co.*, 271 S.W.3d 681, 691 (Tex. 2008) (orig. proceeding), and some courts have described it as "the availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses," *e.g.*, *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981); *Vinson v. American Bureau of Shipping*, 318 S.W.3d 34, 45 (Tex. App.—Houston [1st Dist.] 2010, pet. denied), courts do not require a movant to "specifically identify the individual witnesses or evidence that it is unable to obtain through the Texas court's subpoena power." *In re XTO Energy, Inc.*, No. 01-17-00652-CV, 2018 WL 2246216, at *7 (Tex. App.—Houston [1st Dist.] May 17, 2018, orig. proceeding) (mem. op.); *see also In re General Elec. Co.*, 271 S.W.3d at 689-90 (stating Texas statute does not place burden of proof on particular party and defendants are not required to identify "any specific witness or evidence they are unable to obtain"). As the United States Supreme Court has pointed out, requiring defendants seeking forum non conveniens dismissal to provide detailed information about and extensive investigation of testimony that would be provided by witnesses beyond the reach of compulsory process would defeat the purpose of their dismissal motion; they are only required to "provide enough information to allow the [trial court] to balance the parties' interests." *Piper Aircraft*, 454 U.S. at 258.

21

may not be required by subpoena to appear or produce documents or other things in a county that is more than 150 miles from where the person resides or is served."). "A trial court has the authority to require a witness, including a party *or an officer of a party*, to attend trial if the witness resides within 150 miles of the courthouse of the county in which the suit is pending or if the witness may be found within such distance at the time of trial." *In re FedEx Ground Package Sys., Inc.*, 609 S.W.3d 153, 159–60 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding) (emphasis added) (citing *Dr. Pepper v. Davis*, 745 S.W.2d 470, 471 (Tex. App.—Austin 1988, orig. proceeding)). None of the potential witnesses in this case satisfy these criteria. *See id.*

We agree with the trial court's findings and conclusion that because the majority of relevant witnesses cannot be compelled to testify in Texas, Transco and McLane would face substantial injustice if forced to defend against McDonald's claims in Texas. Accordingly, the third factor weighs in favor of dismissal, and the trial court did not abuse its discretion by reaching this conclusion.

**Factor 4: Florida Is Able to Exercise Jurisdiction Over Transco and McLane**

The fourth factor overlaps somewhat with the first factor. In its consideration of the fourth factor, the trial court analyzes whether "the alternate forum, as a result of the submission of the parties or otherwise, can exercise jurisdiction over all the defendants properly joined to the plaintiff's claim." Tex. Civ. Prac. & Rem. Code § 71.051(b)(4). This factor favors dismissal for the same reasons as the first factor. *See In re Oceanografia*, 494 S.W.3d at 732 (concluding that first and fourth factors weighed in favor of dismissal based on defendants' stipulation to jurisdiction in foreign forum). Specifically, as stated above, Transco and McLane have consented to personal jurisdiction in Florida, and Transco and McLane are subject to Florida's long-arm

22

statute. The trial court did not abuse its discretion by concluding that the fourth factor therefore weighs in favor of dismissal.

**Factor 5: Balance of Private and Public Interests Favors Florida**

The fifth factor requires balancing the private interests of the parties and the public interest of the state to determine whether these interests predominate in favor of the plaintiff bringing the action in the alternate forum. Tex. Civ. Prac. & Rem. Code § 71.051(b)(5). The trial court made several findings of fact supporting its conclusion that the balance of interests here predominates in favor of trying the case in Florida.

The private-interest factors generally considered include "the ease of access to proof, the availability and cost of compulsory process, the possibility of viewing the premises, if appropriate, and other practical problems that make trial easy, expeditious, and inexpensive." *In re General Elec. Co.*, 271 S.W.3d at 691 (citing *Gulf Oil*, 330 U.S. at 508). All of these factors support the trial court's fact finding that Florida is a more convenient location than Texas. As McDonald herself points out, the documentary evidence in the case is easily transmitted, which does not make Texas more convenient than Florida. And, in addition to the availability and convenience of compulsory process for important witnesses discussed above in connection with the third factor, the accident scene is located in Florida.[5] Moreover, even if some witnesses

---

[5] In her petition, McDonald alleges many details about the accident site, and while a video from the accident exists, she does not challenge the trial court's finding that the video does not show all important information about the accident and that physically touring the accident site would assist the factfinder. As Transco and McLane point out, McDonald does not explain how the video would show important information obtainable from a site visit, like whether the parking-lot layout would have allowed safer maneuvers, the typical volume of traffic at that place and time of day, and the visibility of the parking lot and highway lanes to the human eye (as opposed to a camera).

23

voluntarily agreed to testify, the inconvenience of traveling to Texas from Florida and Alabama exceeds the inconvenience for those witnesses of traveling to Florida. In addition, the trial court found that McLane owns substantial assets in Florida, and both McLane and Transco have agreed not to resist collection of a final judgment on McDonald's claims on the basis that the judgment was entered by a Florida court. We agree with the trial court that the private-interest considerations favor bringing the action in Florida.

The public-interest considerations likewise favor bringing the action in Florida. These considerations include "administrative difficulties related to court congestion, burdening the people of a community with jury duty when they have no relation to the litigation, local interest in having localized controversies decided at home, and trying a case in the forum that is at home with the law that governs the case." *Id.* No evidence was produced that Florida courts are more congested than Texas courts, and the trial court found that there is no indication that the Florida courts are more congested. Additionally, Florida has several relevant policy reasons that weigh in favor of bringing this action in Florida, including the following: enforcing the laws and standards of care for driving on Florida roads; providing remedies for injuries to Florida residents; and upholding its preference that only the state-appointed personal representative be allowed to pursue a wrongful-death claim.[6] Texas, on the other hand, has no connection to the acts or omissions that

---

[6] While we need not engage in a choice-of-law analysis to determine whether the public interest favors trying the case in Florida as the forum at home with the law governing the case, we note that Florida law would likely govern substantive issues if the case were tried in Texas because the Restatement's most-significant-relationship test emphasizes choosing the law of the place where the injury occurred and the place where the conduct causing the injury occurred, among other factors. *See In re ENSCO Offshore Int'l Co.*, 311 S.W.3d 921, 927 (Tex. 2010) (orig. proceeding) (citing *Hughes Wood Prods., Inc. v. Wagner*, 18 S.W.3d 202, 205 (Tex. 2000) (citing Restatement (Second) of Conflict of Laws §§ 6, 145 (1971))). But even if we were to assume Texas law applies, all the other public-interest factors favor dismissal of the case. *See id.* at 928.

McDonald asserts caused Page's death—she alleges negligent driving, which occurred in Florida, and negligent training, which occurred in Alabama. *See In re ENSCO Offshore Int'l Co.*, 311 S.W.3d 921, 927 (Tex. 2010) (orig. proceeding) ("[T]he fact that the trial court has jurisdiction over the defendants because their offices are in Dallas is a separate issue from whether the case should be dismissed on forum non conveniens grounds."). Under the circumstances present in this case, we conclude that it would be "fundamentally unfair to burden the people of Texas with the cost of providing [a] court[] to hear" this case that has no significant connection to Texas. *In re Pirelli Tire*, 247 S.W.3d at 676.

Because the private and public interests favor bringing the action in Florida, the trial court did not abuse its discretion by concluding that the fifth factor weighs in favor of dismissal.

### Factor 6: Dismissal Would Not Result in Potential Duplication or Proliferation of Litigation

The sixth factor requires the trial court to consider whether a dismissal would result in an "unreasonable duplication or proliferation of litigation." Tex. Civ. Prac. & Rem. Code § 71.051(b)(6). McDonald contends that this factor favors keeping the case in Texas, asserting that under Transco and McLane's argument that she has an adequate remedy through the personal representative in Florida, she will have to file a new case in Florida against the personal representative. However, as Transco and McLane point out, there is no evidence that dismissal would require McDonald to bring an action against Jones to receive a portion of the settlement proceeds Jones recovered as Page's personal representative. McDonald has not asserted or produced evidence that she sought allocation of the settlement funds from the personal representative that was refused. In addition, as Transco and McLane point out, a Florida action

25

further reduces duplication because it may allow consolidation of claims against all potential defendants, such as the tractor-trailer operators, all of whom are subject to personal jurisdiction in Escambia County because of their alleged negligence there, *see* Fla. Stat. § 48.193(1)(a)(2), but who are not subject to personal jurisdiction in Texas. *See In re ENSCO Offshore Int'l Co.*, 311 S.W.3d at 925 (noting that "[w]hile it is possible that a defendant may seek indemnity or contribution from a foreign party after being found liable, it 'would be far more convenient, however, to resolve all claims in one trial'" (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 259 (1981)). We conclude that the trial court did not abuse its discretion by determining that dismissal of the Texas suit would not result in unreasonable duplication or proliferation of litigation.

We hold that the greater weight of the evidence supported the trial court's conclusions that all six statutory factors favor trying the case in Florida, and therefore, the trial court did not abuse its discretion by granting the motion to dismiss. *See id.* at 929 (holding that when all six statutory factors weigh in favor of plaintiff's claim being heard in forum outside Texas, statute requires that trial court grant motion and dismiss on forum non conveniens grounds). We overrule McDonald's second issue.

## CONCLUSION

Having sustained McDonald's first issue and overruled her second one, we affirm the trial court's grant of Transco and McLane's motion to dismiss her suit with prejudice on forum non conveniens grounds.

_____

Gisela D. Triana, Justice

26

Before Chief Justice Byrne, Justices Triana and Theofanis

Affirmed

Filed:   September 19, 2024